# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Robbyjoe V Yabut,

                         Plaintiff,

vs.

Las Vegas Metro Police Department,

                         Defendants.

Case No. 2:24-cv-01014-APG-MDC

**ORDER SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 1-1)**

The Court previously granted pro se plaintiff Robbyjoe V Yabut's informa pauperis application. ECF No. 8. Since plaintiff is incarcerated, the Court also ordered plaintiff to pay his initial partial filing fee. *Id.* The Clerk's office confirmed that plaintiff paid the initial partial filing fee, thus the Court now screens plaintiff's complaint. ECF No. 1-1. The Court dismisses his complaint without prejudice, and with leave to refile. *Id.*

## I. WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A. Legal standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Complaint**

Plaintiff names the Las Vegas Metropolitan Police Department ("LVMPD") as the sole defendant in the header of the complaint, but the Court notes that on the next page of the complaint, the plaintiff appears to name two additional defendants, police officers "James" and "Jason" with the LVMPD. See ECF No. 1-1 at 1-2. Plaintiff states that he was a victim of the LVMPD's "Event # LLV230600025218." *Id.* at 2. Plaintiff states that he was chased out a police substation and placed on "L2K" *Id.* Plaintiff brings claims for (1) Freedom, (2) Freedom of press (retaliation), (3) injury (related to medical care and access to the court). *Id.* at 3-7. Plaintiff states that officers James and Jason chased him down the road near Rainbow and Warm Springs before they placed him on L2K. *Id.* at 4. Plaintiff alleges that Officers Jason and James sent him to Spring Valley Hospital for the L2K. *Id.* at 5. Plaintiff demands $24,000,000 in damages. *Id.* at 6.

**a. Plaintiff's "injury" and "freedom" claims**

Plaintiff references L2K, which the Court liberally construes as a mental health hold since it

2

pertains to the officer's sending plaintiff to the hospital. It appears that the officers believed plaintiff had some sort of mental health condition or disorder. It is not clear if plaintiff is claiming that he sustained a physical injury to his body while being sent to the hospital, or if he felt injured by being placed in a mental health hold. It is not clear whether plaintiff agrees that he has some history of mental health issues, or whether he is claiming they incorrectly regarded him as having a mental health issues. Even liberally construing plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim. If plaintiff amends, he must state specific facts about the dispute and clarify what type of injury he suffered, if any.

### b.  Plaintiff's "freedom of press – retaliation" claim

Plaintiff appears to be attempting to state a claim for freedom of the press violations. The First Amendment of the U.S. Constitution provides that Congress shall make no law abridging the freedom of the press. U.S. Const. amend. I. It is not clear from plaintiff's complaint if he is alleging that he is a journalist, as a freedom of the press claims typically pertain to the press's freedom and not an individual's freedom to contact the press. E.g. see *Saxbe v. Washington Post Co*., 417 U.S. 843, 844, 94 S. Ct. 2811, 41 L. Ed. 2d 514 (1974) (journalists challenging a prison regulation limiting the press's ability to interview inmates). Based on the limited information in plaintiff's complaint, there is no colorable First Amendment freedom of the press claim.

Regarding retaliation, to state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004. Total chilling is not required; it is

enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.*

It is unclear from plaintiff's complaint whether he is alleging that the officers retaliated against him while he was on the mental health hold, as plaintiff does not state any facts regarding what happened during the mental health hold. Even liberally construing plaintiff's complaint, it does not state sufficient factual allegations about what happened during the mental health hold that might be deemed retaliatory (and defendants' role in the matter) to state a claim. If plaintiff amends, he must state specific facts about what happened during the mental health hold and what he believes amounted to retaliation.

### c.  The defendants: LVMPD and Officers James and Jason

The U.S. Supreme Court decision in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), allows a plaintiff to recover from a municipality and local governmental entities under § 1983 for violations of constitutional rights; however, he must allege one of three theories to do so. *Id.*; *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Regarding the LVMPD, plaintiff does not allege any facts suggesting that an official policy or custom of the LVMPD resulted in a constitutional injury or that any conduct amounted to the LVMPD's

official policy. Plaintiff also does not allege that the acts as described were committed by an official with final policy making authority. For these reasons, plaintiff's claims fail to state a claim against LVMPD under *Monell*.

It also appears that plaintiff intended to include officers James and Jason as defendants in the complaint, but plaintiff has not stated any facts to give these officers notice of the claims against them pursuant to Rule 8. An individual defendant is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *Van Snowden v. Cazares*, 2015 U.S. Dist. LEXIS 191416, 2015 WL 12859714, at *8 (C.D. Cal. Aug. 21, 2015) (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). If plaintiff amends, he must state specifically what each officer did, and he should name them as defendants in the caption.

## C.  Conclusion

Plaintiff has not articulated any plausible claims It is possible that these deficiencies may be cured through amendment.  Plaintiff's complaint is dismissed without prejudice.  Plaintiff must file an amended complaint explaining the circumstances of the case, the relief plaintiff seeks, and the law upon which he relies in bringing the case.  The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.  LR 15-1(a).

**It is so Ordered:**

1.  That plaintiff Robbyjoe V Yabut's Complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend.

2.  That plaintiff has until **February 12, 2025**, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the

deficiencies noted in this Order may result in a recommendation for dismissal.

3.  The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATE: January 13, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**